**FILED**

OCT 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DORIS SPEIGHT, Individually and<br>as the next best friend of<br>Calvin Lamont Speight<br>4100 Ames Street, N.E.<br>Washington, D.C. 20019 | * | |
| | * | |
| | * | Civil Action No. |
| | * | |
| vs. | * | |
| | * | |
| THE DISTRICT OF COLUMBIA | * | |
| SERVE:  Hon. Adrian M. Fenty<br>John A. Wilson Building<br>1350 Pennsylvania Ave., N.W<br>Suite 600<br>Washington, D.C. 20004 | | Case: 1:07-cv-01928<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 10/25/2007<br>Description: PI/Malpractice |
| | * | |
| Linda Singer<br>Attorney General, D.C.<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001 | * | |
| | * | |
| and | * | |
| Suzanne Hastings, Warden<br>USP Big Sandy<br>U.S. Penitentiary<br>P.O. Box 2068<br>Inez, KY 41224 | * | |
| | * | |
| | * | |
| Harry G. Lapin, Director<br>Federal Bureau of Prisons<br>320 First Street, N.W.<br>Washington, D.C. 20004 | * | |
| | * | |
| | * | |
| **Defendants** | * | |
| | * | |

JURY ACTION

## COMPLAINT

(Survival Rights Act; Civil Rights-Eighth Amendment-42 U.S.C. § 1983;
Negligent Supervision ; Negligent Infliction of Emotional Distress)

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the Defendants for committing acts under color of law which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the District of Columbia.

2. In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Eighth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331; 28 U.S.C. § 1343; and under D.C. Code § 11-921 (1981).

## PARTIES

4. Plaintiff, Doris Speight, was at all times relevant herein, a resident of the District of Columbia and is the mother of Calvin Lamont Speight, the decedent upon whose death this Action is based.

5. Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States.

7. Defendant Suzanne Hastings was, at all times relevant herein, Warden of the Big Sandy Federal Correctional Institution in Inez, Kentucky, a facility of the United States Bureau of Prisons which was contractually engaged by the District of Columbia to

-2-

house District of Columbia inmates.

8. Defendant Harry G. Lapin, was at all times relevant herein, Director of the United States Bureau of Prisons which was contractually engaged by the District of Columbia to house District of Columbia inmates in a correctional facility that it operates in Inez, Kentucky.

## Statement of Facts

9. In 2006 ,the decedent, Calvin Speight, was incarcerated at the USP Big Sandy ( " Big Sandy") which is owned and operated by Federal Bureau of Prisons (" BOP"). He had been transferred to this facility from the Occuquan facility at Lorton,Virginia.

10. The District of Columbia has sent several hundred D.C. Department of Corrections inmates to the Bureau of Prisons, including Calvin Speight, under the provisions of a contract which it has entered into with the BOP.

11. With respect to the housing of inmates transferred to the Big Sandy, BOP was contractually obligated "to operate, manage, and maintain the facility in accordance with all applicable provision of federal law, court orders, standards of the American Correctional Association, and policies and procedures of the Department of Corrections."

12. Notwithstanding its contractual obligations, the Defendants have failed to prevent or deter inmate on inmate violence, and the proliferation of weapons in Big Sandy. The Defendants' failure in this regard is indicative of their deliberate indifference to the rights of the inmates it has housed in contracted facilities since the transfer of D.C. inmates began in 1997. Moreover, and in total disregard for its obligations to the inmates it transferred to the BOP, the District of Columbia was fully aware of the intentional and

-3-

reckless indifference which has been and continues to be the trademark of these contracted facilities.

13. Prior to Calvin Speight's horrific murder, hundreds of District of Columbia inmates in BOP contracted facilities have been given separation orders from other prisoners in its institutions. Yet, woefully inadequate measures were taken by either of the Defendants to protect inmates under their custody and control from "predator" inmates.

14. As a direct consequence of the total disregard for the safety of Calvin L. Speight, a District of Columbia inmate transferred to Big Sandy, which was and continues to be displayed by the District of Columbia and the BOP, Calvin Speight was viciously wounded and subjected to a horrific death by the hand of an inmate who was known by the Big Sandy staff and management to bear a grudge against Calvin Speight prior to the fatal attack. Despite having specific knowledge that Calvin Speight's attacker was dangerous and posed a threat to him, neither the Defendants took any meaningful steps to protect Calvin Speight, from the known threat, thereby directly contributing his murder.

## COUNT I
### (Survival Act)

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to the Survival Act, KRS § 411.130 ; the decedent's right of action for wrongful and negligent conduct against the Defendants survives in favor of Doris Speight, the sole surviving heir of the decedent. The decedent's mother and next best friend, demands all damages recoverable under the Act including substantial damages for

loss of future wages, medical expenses and conscious pain and suffering, as well as all other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against the defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) plus punitive damages to the extent allowed by law, interest and costs.

## COUNT II
(Deprivation of Civil Rights; Eighth Amendment-42 U.S.C. § 1983)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. The Defendants acting under color of law and with deliberate indifference to and reckless disregard for the safety and well-being of the inmates transferred to the BOP, and Calvin Speight in particular, and in violation of 42 U.S.C. § 1983, did on or about October 24, 2006, allow to be committed acts which deprived Calvin L. Speight of his Constitutional rights against cruel and unusual punishment.

19. As a direct and proximate result of the actions of the Defendants, Calvin Speight was viciously murdered by an inmates at Big Sandy.

20. As a further direct and proximate result of the actions of the Defendants, Calvin Speight, prior to his death and during the attack that led to his death, suffered much physical pain and severe mental anguish.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

-5-

## COUNT III
(Negligent Supervision)

21.  Plaintiff incorporates, by reference, paragraphs 1 through 20 as if fully set forth herein.

22.  The Defendants owed a duty of care to the inmates transferred to the Big Sandy, including Calvin Speight, relative to their personal security and application of the District's policies and practices and those generally accepted under federal law and the American Correctional Association.

23. The Defendants breached their duty of care by failing to monitor and supervise their correctional officers' activities and condoning conduct by its employees that violated the District's written policies, applicable court orders, the Constitution of the United States, and the generally accepted standards of the American Correctional Association.

24. As a direct and proximate result of defendants' negligent supervision of personnel at the Big Sandy, Calvin Speight was viciously murdered by another inmate housed at USP Big Sandy. At all times relevant herein, personnel at the Big Sandy, who were defendants' agents, were acting under the direction and control of the Defendant District of Columbia and Defendants Lapin and Hastings.

25.  The Defendants acted negligently, carelessly and recklessly by failing to properly supervise the personnel at Big Sandy and by failing to properly train, supervise, control, direct and monitor their agents in their duties and responsibilities.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand

Dollars ($2,500,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

## COUNT IV
(Negligent Infliction of Emotional Distress)

26. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 25 as if fully set forth herein.

27. Defendants through their agents, negligently caused severe emotional distress to Calvin Speight by way of the their extremely negligent, reckless and indifferent conduct, including but not limited to their allowing a predator inmate to roam freely in the general population, their failure to control in any manner the proliferation of weapons in Big Sandy, and by allowing Calvin Speight to be murdered by an inmate that it knew to pose a danger to the decedent.

28. As a direct and proximate result of Defendants' extremely negligent, reckless and indifferent conduct, Calvin Lamont Speight suffered severe pain, emotional distress, and mental anguish as he was being murdered at Big Sandy.

WHEREFORE, the plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

-7-

Respectfully Submitted,

By: _____
Elmer Douglass Ellis [423276]
The Ellis law Office
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 789-1975

**Attorney for the Plaintiff**

**Jury Trial Requested:**

Elmer Douglass Ellis

-8-

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Doris Speight                    *1100T*

### DEFENDANTS

The District of Columbia; Suzanne Hastings; Harry G. Lapin

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Elmer Douglass Ellis
The Ellis Law Office
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
(202) 789-1975

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01928
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/25/2007
Description: PI/Malpractice

*JURY ACTION*

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZEN
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

- ○ **A.** *Antitrust*

  ☐ 410 Antitrust

- ◉ **B.** *Personal Injury/ Malpractice*

  ☐ 310 Airplane
  ☐ 315 Airplane Product Liability
  ☐ 320 Assault, Libel & Slander
  ☐ 330 Federal Employers Liability
  ☐ 340 Marine
  ☐ 345 Marine Product Liability
  ☐ 350 Motor Vehicle
  ☐ 355 Motor Vehicle Product Liability
  ☒ 360 Other Personal Injury
  ☐ 362 Medical Malpractice
  ☐ 365 Product Liability
  ☐ 368 Asbestos Product Liability

- ○ **C.** *Administrative Agency Review*

  ☐ 151 Medicare Act

  **Social Security:**
  ☐ 861 HIA ((1395ff)
  ☐ 862 Black Lung (923)
  ☐ 863 DIWC/DIWW (405(g)
  ☐ 864 SSID Title XVI
  ☐ 865 RSI (405(g)
  **Other Statutes**
  ☐ 891 Agricultural Acts
  ☐ 892 Economic Stabilization Act
  ☐ 893 Environmental Matters
  ☐ 894 Energy Allocation Act
  ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D.** *Temporary Restraining Order/Preliminary Injunction*

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*③*

*Not USA*
*Not USAG*

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1346

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ 7,500,000.00 JURY DEMAND: | Check YES only if demanded in complaint YES ☒ NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE _10·25·07_    SIGNATURE OF ATTORNEY OF RECORD _no_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.         COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.       CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.       CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.       CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.