**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Doris Speight, | |
|     Plaintiff, | |
| v. | C.A. No.: 07-01928 (RMC) |
| The District of Columbia, *et al.*, | |
|     Defendants. | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendant, District of Columbia (hereinafter "District), by and through counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) for an Order dismissing plaintiff's complaint because plaintiff fails to state a claim for municipal liability under 42 U.S.C. § 1983.

In support thereof, this defendant refers this Court to the attached memorandum of points and authorities. Accordingly, dismissal is appropriate against this defendant with prejudice.

                                                Respectfully submitted,

                                                PETER J. NICKLES
                                                Interim Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General, Civil Litigation Division

                                                   /s/ Patricia A. Jones
                                                PATRICIA A. JONES [428132]
                                                Chief, General Litigation, Section IV

       /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-3625
Leticia.Valdes@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Doris Speight,<br><br>    Plaintiff,<br><br>    v.<br><br>The District of Columbia, *et al.*,<br><br>    Defendants. | C.A. No.: 07-01928 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of its motion to dismiss, defendant District states as follow:

Preliminary Statement

On or about October 25, 2007, plaintiff Doris Speight, individually and as the next best friend of Calvin Lamont Speight, filed the instant action against the District of Columbia, Suzanne Hastings, the Warden of the Big Sandy Federal Correctional Institution in Inez, Kentucky, and Harry G. Lapin, Director of the United States Bureau of Prisons. *See* Complaint, ¶¶ 5, 7 and 8 through 10, at Docket Entry # 1. Plaintiff avers that she is the mother of Calvin Lamont Speight, now deceased. Plaintiff avers that in 2006, Mr. Speight was incarcerated at the USP Big Sandy, operated by the Federal Bureau of Prison. *See* Complaint, ¶ 9. According to the plaintiff, Mr. Speight was transferred to this facility from the Occoquan facility at Lorton, Virginia. *Id.*

Plaintiff alleges that the District of Columbia sent several hundred D.C. Department of Corrections inmates to the Bureau of Prisons under the provisions of a contract with the Federal Bureau of Prisons. *See* Complaint, ¶ 10. Plaintiff further alleges that the defendants failed to prevent or deter inmate on inmate violence and the proliferation of weapons in Big Sandy. *See*

Complaint, ¶ 12.  According to the plaintiff, Mr. Speight was viciously wounded and subjected to a horrific death as a direct consequence of the total disregard for his safety.  *See* Complaint, ¶ 14.  Plaintiff seeks compensation from the defendants under KRS § 411.130, 42 U.S.C. § 1983 and under a negligent supervision theory.

For the following reasons, the District of Columbia is entitled to dismissal of the Complaint against it as a matter of law.

## Argument

**I.     Standard of Review Under Fed. R. Civ. P.  12(b)(6).**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is to construe the facts on the face of the complaint in the light most favorable to the non-moving party and to accept as true the allegations in the complaint.  *See, Fred Ezra Co. v. Pedas*, 682 A.2d 173, 174 (D.C. 1996) (citations omitted).  A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).  In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly.,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966.  *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 276 (1994).

**II.     Plaintiff's Complaint does not comport with Fed. R. Civ. P. 9(f).**

According to Fed. R. Civ. P. 9(f), "[a]n allegation of time and place is material when testing the sufficiency of a pleading."  Although plaintiff alleges that the defendants on or about October 24, 2006, allowed certain acts to be committed against Mr. Speight, plaintiff did not specify what occurred on that date, what is the significance of that date, and/or whether Mr. Speight was injured and/or died on that date.  *See* Complaint, Count II, ¶ 18.  Because plaintiff's Complaint does not contain material information as required by Fed. R. Civ. P. 9(f), dismissal of the Complaint is warranted.

**III.    Plaintiff's claim against the District of Columbia fails as a matter of law.**

The plaintiff has no valid claim against the District of Columbia arising from the incarceration of her deceased brother in a federal prison.  Under the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, D.C. Official Code § 24-101 (2001), the United States Congress transferred responsibility for the imprisonment of D.C. felons from the District to the United States, and also transferred the parole authority for such felons from the D.C. Board of Parole to the U.S. Parole Commission. *See Crawford v. Jackson*, 323 F.3d 123, 125-126 (D.C.Cir. 2003). *See* also, D.C. Official Code § 24-201.26 (2001) (all prisoners convicted in the District of Columbia are committed to the custody of the Attorney General of the United States or his representative).  The United States Attorney General "has unfettered discretion to determine" where District of Columbia offenders "serve their prison sentence…" *See Joyner v. District of Columbia*, 267 F.Supp.2d 15, 19 (D.D.C 2003). As such, the Federal Bureau of Prisons is solely responsible for the custody and safekeeping of D.C. convicts in federal prison facilities.  The District of Columbia had no authority over the transfer of

3

the decedent to the federal prison or control over the custody and safekeeping of plaintiff's brother in the federal prison. Therefore, the District cannot be held liable for the incident that forms the basis of this litigation.

      **a.**    **Plaintiff has failed to allege sufficient facts to maintain a claim against the District of Columbia under 42 U.S.C. § 1983**.

Plaintiff has failed to plead any claim for which this defendant may be held constitutionally liable. *See* Complaint, generally. Municipal liability under 42 U.S.C. § 1983, is severely limited. *See Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability results only when the municipality itself can be directly charged with fault for an unconstitutional deprivation. *See Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1985); and *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979), holding courts must address the threshold issue in any action brought under § 1983: "whether the plaintiff has alleged the deprivation of an actual constitutional right at all." Therefore, municipal liability results only when the policy or custom fairly attributable to the municipality is the "moving force" behind the particular constitutional violation. *See Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694).

Plaintiff's allegations are insufficient to hold this defendant liable under 42 U.S.C. § 1983. There are no allegations that the District's customs, practices and/or policies were the moving force behind the alleged stabbing of plaintiff's decedent. See Complaint, generally. Moreover, there are simply no factual allegations to support municipal liability, particularly since this defendant had no authority over the decedent's transfer to the federal facility, nor did it have responsibility for the decedent's safety. There simply are no factual allegations in plaintiff's Complaint to support any claim hat policymakers or final decision makers for the District acted

4

with deliberate indifference, or that there exists a widespread unconstitutional practice attributable to the District that caused the decedent's death. *See* Complaint, generally. *See also, Triplett v. D.C.,* 108 F.3d 1450 (D.C. Cir. 1997). Because *Twombly* requires plaintiff to do more than recite bare conclusions and/or labels for her causes of action, dismissal of the District of Columbia is mandated.

## **CONCLUSION**

As set forth above, plaintiff's Complaint does not comply with Fed. R. Civ. P. 9(f), and she has failed to make any viable claims against the District for which she is entitled to relief under 42 U.S.C. § 1983. As such, dismissal of plaintiff's lawsuit as a matter of law against this defendant is mandated.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

    /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-3625
Leticia.Valdes@dc.gov

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Doris Speight,

    Plaintiff,

v.

The District of Columbia, *et al.*,

    Defendants.

C.A. No.: 07-01928 (RMC)

# O R D E R

Upon consideration of Defendant District of Columbia's Motion to Dismiss Plaintiff's Complaint, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, this _____ day of _____ , 2008;

ORDERED that Defendants' Motion to Dismiss is hereby granted; and it is

FURTHER ORDERED; the District is dismissed with prejudice.

_____
JUDGE ROSEMARY M. COLLYER
United States District Court for the District of Columbia