IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Doris Speight, Individually and <br> as the next best friend of <br> Calvin Lamont Speight <br> 4100 Ames Street, N.E. <br> Washington, D.C. 20019 <br><br> Plaintiff, <br><br> vs. <br><br> The District of Columbia, et al, <br><br> Defendants. | Civil Action No: 07-019828(RMC) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Comes Now the Plaintiff by and through her undersigned counsel, in response the Court's Order To Show Cause and respectfully states as follows:

**Background**

That on October 25, 2007, the Plaintiff Doris Speight, individually and as next best friend of Calvin Lamont Speight, lodged the instant complaint for the homicide death of her son Calvin Speight, against the District of Columbia; Suzanne Hastings, Warden of the United States Penitentiary, Big Sandy; and Harry G. Lapin, Director of the United States Bureau of Prisons. The Complaint contains a survival action under KRS §411.130; deprivation of civil rights under 42 U.S.C. § 1983, violation of the decedent's constitutional right to not be subjected to against cruel and unusual punishment under the Eighth Amendment and negligent supervision. On March 20, 2008, the Defendant District of Columbia filed a Motion to Dismiss Plaintiff's

Complaint as against the District of Columbia alleging, <u>inter</u> <u>alia</u>, that no claim can lie against the District of Columbia as it had no authority or control over the decedent because the responsibility and control of District of Columbia prisoners had been transferred to the United States under the National Capital Revitalization and Self-Government Act of 1997, Pub. L 105-33, D.C. Official Code § 24-101 (2001). The District argues further in its Motion that the Federal Bureau of Prisons is solely responsible for the custody and safekeeping of D.C. convicts in federal prison facilities, citing <u>Crawford v. Jackson</u>, 323 F. 3rd 123, 125-126 (D.C. Cir. 2003). The District thereby concluded in its pleading that the District cannot be held liable for the acts which lead to the murder of Calvin Lamont Speight by an inmate while serving at a sentence in federal prison for a D.C. conviction.

Thereafter, the Court issued an Order To Show Cause as to "why the Court should not grant the District of Colombia's Motion to Dismiss Plaintiff's Complaint in its entirety."

### Argument

Reluctantly, the Plaintiff must concede to the Defendant District of Columbia's position that it cannot be held liable the under the National Capital Revitalization and Self-Government Act of 1997, Pub. L 105-33, D.C. Official Code § 24-101(2001) as put forth in its Motion To Dismiss as to the Defendant District of Columbia..

However the Court should not dismiss the Complaint in its entirety because the Attorney General of the United States, vis-a`- vis the Defendant Bureau of Prisons, can be held liable for the violent death of Mr. Speight by the hands of another inmate that occurred while he was in the custody and control of the Federal Bureau of Prisons.

### Conclusion

Consequently, the Plaintiff respectfully request that the Court allow thirty (30) days for the filing of an amended complaint to add the correct Defendant Attorney General of the United States and effectuate service thereon.

**Respectfully submitted,**

_____

**Elmer Douglass Ellis #423276**
**1100 H Street, N.W.**
**Suite 920**
**Washington, D.C.  20005**
**(202) 789-1975**

**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 2, 2008 a copy of the foregoing Plaintiff's Response to Show Cause Order has been served first class mail, postage prepaid and by electronic delivery upon:

>Leticia L. Valdes, Esquire
>Assistant Attorney General
>441 4th Street, N.W.
>Sixth Floor South
>Washington, D.C. 20001


_____
**Elmer Douglass Ellis**