## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

DORIS SPEIGHT, Individually and     *
as the next best friend of
Calvin Lamont Speight     *
4100 Ames Street, N.E.
Washington, D.C. 20019     *

                Civil Action No.

    *

      vs.     *

    *

Michael B. Mukasey     *
Attorney General,
United States of America     *
Department of Justice     *
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530     *

      and     *

Suzanne Hastings,Warden     *
USP Big Sandy
U.S. Penitentiary     *
P.O. Box 2068
Inez, KY 41224     *
    *

Harry G. Lapin, Director
Federal Bureau of Prisons     *
320 First Street, N.W.
Washington, D.C. 20004     *


**Defendants**


## AMENDED COMPLAINT

(Survival Rights Act; Civil Rights-Eighth Amendment-42 U.S.C. § 1983;
Negligent Supervision ; Negligent Infliction of Emotional Distress)

**INTRODUCTION**

1.  This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the Defendants for committing acts under color of law which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the District of Columbia.

2.  In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

**JURISDICTION**

3.  Jurisdiction exists in this case pursuant to the Eighth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331; 28 U.S.C. § 1343; and under D.C. Code § 11-921 (1981).

**PARTIES**

4.  Plaintiff, Doris Speight, was at all times relevant herein, a resident of the District of Columbia and is the mother of Calvin Lamont Speight, the decedent upon whose death this Action is based.

5.  Defendant Michael B. Mukasey is the Attorney General of the United States of America.

7.  Defendant Suzanne Hastings was, at all times relevant herein, Warden of the Big Sandy Federal Correctional Institution in Inez, Kentucky, a facility of the United States Bureau of Prisons which was contractually engaged by the District of Columbia to house District of Columbia inmates.

8.  Defendant Harry G. Lapin, was at all times relevant herein, Director of the United States Bureau of Prisons which was contractually engaged by the District of

Columbia to house District of Columbia inmates in a correctional facility that it operates in Inez, Kentucky.

## Statement of Facts

_____9.  In 2006 ,the decedent, Calvin Speight, was incarcerated at the USP Big Sandy ( " Big Sandy") which is owned and operated by Federal Bureau of Prisons (" BOP"). He had been transferred to this facility from the Occuquan facility at Lorton,Virginia.

10.  The District of Columbia has sent several hundred D.C. Department of Corrections inmates to the Bureau of Prisons, including Calvin Speight, under the provisions of a contract which it has entered into with the BOP.

11.  With respect to the housing of inmates transferred to the Big Sandy, BOP was contractually obligated "to operate, manage, and maintain the facility in accordance with all applicable provision of federal law, court orders, standards of the American Correctional Association, and policies and procedures of the Department of Corrections."

12.  Notwithstanding its contractual obligations, the Defendants have failed to prevent or deter inmate on inmate violence, and the proliferation of weapons in Big Sandy. The Defendants' failure in this regard is indicative of  their deliberate indifference to the rights of the inmates it has housed in contracted facilities since the transfer of D.C. inmates began in 1997.  Moreover, and in total disregard for its obligations to the inmates it transferred to the BOP, the District of Columbia was fully aware of the intentional and reckless indifference which has been and continues to be the trademark of these contracted facilities.

13.  Prior to Calvin Speight's horrific murder, hundreds of District of Columbia inmates in BOP contracted facilities have been given separation orders from other

prisoners in its institutions. Yet, woefully inadequate measures were taken by either of the Defendants to protect inmates under their custody and control from "predator" inmates.

14.   As a direct consequence of the total disregard for the safety of Calvin L. Speight, a District of Columbia inmate transferred to Big Sandy, which was and continues to be displayed by the District of Columbia and the BOP, Calvin Speight was viciously wounded and subjected to a horrific death by the hand of  an inmate who was known by the Big Sandy staff and management to bear a grudge against Calvin Speight prior to the fatal attack. Despite having specific knowledge that Calvin Speight's attacker was dangerous and posed a threat to him, neither the Defendants took any meaningful steps to protect Calvin Speight, from the known threat, thereby directly contributing his murder.

### COUNT I
(Survival Act)

15.   Plaintiff incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16.   Pursuant to the Survival Act, KRS § 411.130 ; the decedent's right of action for wrongful and negligent conduct against the Defendants survives in favor of Doris Speight, the sole surviving heir of the decedent.  The decedent's  mother and next best friend,  demands all damages recoverable under the Act including substantial damages for loss of future wages, medical expenses and conscious pain and suffering, as well as all other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against the defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) plus punitive damages to the extent allowed by law, interest and costs.

## COUNT II
(Deprivation of Civil Rights; Eighth Amendment-42 U.S.C. § 1983)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. The Defendants acting under color of law and with deliberate indifference to and reckless disregard for the safety and well-being of the inmates transferred to the BOP, and Calvin Speight in particular, and in violation of 42 U.S.C. § 1983, did on or about October 24, 2006, allow to be committed acts which deprived Calvin L. Speight of his Constitutional rights against cruel and unusual punishment.

19. As a direct and proximate result of the actions of the Defendants, Calvin Speight was viciously murdered by an inmates at Big Sandy.

20. As a further direct and proximate result of the actions of the Defendants, Calvin Speight, prior to his death and during the attack that led to his death, suffered much physical pain and severe mental anguish.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

## COUNT III
(Negligent Supervision)

21. Plaintiff incorporates, by reference, paragraphs 1 through 20 as if fully set forth herein.

22. The Defendants owed a duty of care to the inmates transferred to the Big Sandy, including Calvin Speight, relative to their personal security and application of the District's

policies and practices and those generally accepted under federal law and the American Correctional Association.

23. The Defendants breached their duty of care by failing to monitor and supervise their correctional officers' activities and condoning conduct by its employees that violated the District's written policies, applicable court orders, the Constitution of the United States, and the generally accepted standards of the American Correctional Association.

24. As a direct and proximate result of defendants' negligent supervision of personnel at the Big Sandy, Calvin Speight was viciously murdered by another inmate housed at USP Big Sandy. At all times relevant herein, personnel at the Big Sandy, who were defendants' agents, were acting under the direction and control of the Defendant United States of America and Defendants Lapin and Hastings.

25. The Defendants acted negligently, carelessly and recklessly by failing to properly supervise the personnel at Big Sandy and by failing to properly train, supervise, control, direct and monitor their agents in their duties and responsibilities.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

## COUNT IV
(Negligent Infliction of Emotional Distress)

26. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 25 as if fully set forth herein.

27. Defendants through their agents, negligently caused severe emotional distress to Calvin Speight by way of the their extremely negligent, reckless and indifferent conduct,

including but not limited to their allowing a predator inmate to roam freely in the general population, their failure to control in any manner the proliferation of weapons in Big Sandy, and by allowing Calvin Speight to be murdered by an inmate that it knew to pose a danger to the decedent.

28. As a direct and proximate result of Defendants' extremely negligent, reckless and indifferent conduct, Calvin Lamont Speight suffered severe pain, emotional distress, and mental anguish as he was being murdered at Big Sandy.

WHEREFORE, the plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus punitive damages to the extent allowed by law, interest, and costs.

Respectfully Submitted,

By: _____
    **Elmer Douglass Ellis [423276]**
    **The Ellis law Office**
    **1100 H Street, N.W.**
    **Suite 920**
    **Washington, D.C. 20005**
    **(202) 789-1975**

    **Attorney for the Plaintiff**

**Jury Trial Requested:**

_____
**Elmer Douglass Ellis**